# EXHIBIT B

1    SEYFARTH SHAW LLP
     Aaron R. Lubeley (SBN 199837)
2    alubeley@seyfarth.com
     Simon L. Yang (SBN 260286)
3    syang@seyfarth.com
     601 South Figueroa Street, Suite 3300
4    Los Angeles, California 90017
     Telephone:     (213) 270-9600
5    Facsimile:     (213) 270-9601

6

   Attorneys for Defendant
7    AIRPORT TERMINAL SERVICES, INC.

8

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 27 2019

Sherri R. Carter, Executive Officer/Clerk of Court
By: Isaac Lovo, Deputy

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10               COUNTY OF LOS ANGELES

11

| | |
|---|---|
| 12   DARIUS MAYES, an individual, on behalf of himself and others similarly situated, | Case No. 19STCV41870 |
| 13 | [*Hon. Yvette M. Palazuelos, Dep't 9*] |
| 14            Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| 15            vs. | |
| 16   AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 50, inclusive, | Complaint Filed:     November 21, 2019 |
| 17 | |
| 18            Defendants. | |

19

20

21

22

23

24

25

26

27

28

Defendant, Airport Terminal Services, Inc., so answers the unverified Complaint filed by Plaintiff, Darius Mayes.

## GENERAL DENIAL

Pursuant to Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation or purported cause of action in the Complaint and further denies that Plaintiff or others have been harmed, as alleged, at all, or by any act or omission of Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

Without either assuming the burdens of proof as to matters that are Plaintiff's burden to prove or waiving any right to amend this Answer or to assert additional matters or defenses based on information or facts subsequently discovered, Defendant further answers the Complaint and alleges the following:

### FIRST DEFENSE

**Failure to State a Cause of Action or Claim**

1. The Complaint fails to state proper legal grounds for a cause of action upon which relief can be granted or fails to state facts sufficient to constitute a claim against Defendant.

### SECOND DEFENSE

**Release, Res Judicata, or Collateral Estoppel**

2. The Complaint is barred to the extent Plaintiff or others entered a release as to any claims alleged in the Complaint or are bound by the judgment in any other action asserting similar claims adjudicated on the merits, including *Pederson v. Airport Terminal Services, Inc.*, Central District of California Case No. 5:15-cv-02400-VAP-SP.

### THIRD DEFENSE

**Preemption**

3. The Complaint is barred to the extent that it is preempted by the Airline Deregulation Act, Federal Aviation Administration Authorization Act, 49 U.S.C. § 14501(c), or other applicable federal law or regulation.

1

## FOURTH DEFENSE

### Consent, Contribution, Ratification, Unclean Hands, or Avoidable Consequences

4.      The Complaint is barred because the alleged conduct of Defendant complained of in the Complaint was approved, consented to, or authorized by Plaintiff or others through their actions, omissions, or course of conduct. To the extent the alleged harms in the Complaint occurred at all, such harms were proximately caused by or contributed to by Plaintiff or others' own acts, omissions, or failures to act. To the extent that Plaintiff or others failed to act upon knowledge available to them, they thereby ratified Defendant's alleged actions. To the extent that Plaintiff or others acted upon knowledge available to them, they thereby engaged in conduct showing unclean hands. The Complaint is barred by the avoidable consequences doctrine.

## FIFTH DEFENSE

### Waiver, Laches, or Estoppel

5.      The Complaint is barred by the doctrine of laches to the extent Plaintiff or others exercised inexcusable delay in commencing this action. The Complaint is barred to the extent that Plaintiff or others, by their own conduct or actions, have waived the right to assert the claims alleged in the Complaint or are estopped as a matter of law.

## SIXTH DEFENSE

### Accord and Satisfaction

6.      The Complaint is barred by the doctrine of accord and satisfaction, on the basis that Plaintiff or others were properly and fully compensated for all work performed and acceptance of such payments constituted an accord and satisfaction of all debts, if any, owed by Defendant.

## SEVENTH DEFENSE

### Standing

7.      The Complaint is barred to the extent that Plaintiff or others are not aggrieved, have not suffered an injury, or would not benefit from injunctive relief and thus lack standing to assert any of the causes of action contained in the Complaint.

2

**EIGHTH DEFENSE**

**Statutes of Limitations**

8.      The Complaint is barred by applicable statutes of limitation. *E.g.*, Code Civ. Proc. §§ 312, 338(a), 339, 340(a), (b), 343; Bus. & Prof. Code § 17208.

**NINTH DEFENSE**

**No Knowledge**

9.      The Complaint is barred to the extent Defendant did not have actual or constructive knowledge of any unpaid work allegedly performed or any unreimbursed necessary and reasonable expense allegedly incurred. The Complaint is barred to the extent Plaintiff or others are not entitled to recover from Defendant, due to their failure to comply with all directions of their employer concerning the services on which they were engaged. Lab. Code § 2856.

**TENTH DEFENSE**

**No Overtime Entitlement**

10.     The Complaint is barred to the extent that Plaintiff or others did not work hours entitled to overtime under Labor Code section 510 or worked shifts otherwise not entitled to overtime pursuant to Labor Code exemptions applicable to non-exempt employees, whether based on collective bargaining agreements, alternative workweek agreements, or otherwise.

**ELEVENTH DEFENSE**

**Enforceable Contract or Full Performance**

11.     The Complaint is barred to the extent that there is any enforceable contract with Plaintiff or others that provides that Defendant's conduct is lawful and for which Defendant fully performed all obligations to which contractual principles would apply.

**TWELFTH DEFENSE**

**Good Faith**

12.     The Complaint is barred to the extent because Defendant did not willfully violate the Labor Code but rather acted on the basis of a good-faith belief that they had complied fully with applicable laws, 8 Cal. Code Reg. § 13520, or because any acts or omissions were in good faith and in reasonable reliance on an administrative regulation, order, ruling, or interpretation of federal policy.

3

## THIRTEENTH DEFENSE

### Injunctive Relief Improper

13.    The Complaint is barred to the extent that it seeks injunctive or equitable relief since Plaintiff has an adequate and complete remedy at law or because Plaintiff cannot make the requisite showing to obtain injunctive relief in a labor dispute. Lab. Code § 1138.1 *et seq.*

## FOURTEENTH DEFENSE

### Equitable Offset

14.    The Complaint is barred to the extent Defendant is entitled under the equitable doctrines of setoff or recoupment to an offset of all overpayments of wages or other consideration previously provided to Plaintiff or others. To the extent that Plaintiff or others would be entitled to damages, penalties, or restitution, Defendant is entitled to an offset for any overpayments to Plaintiff or others for work never actually performed or any damages incurred by Plaintiff or others' own acts or omissions.

## FIFTEENTH DEFENSE

### Failure to Mitigate Damages

15.    The Complaint is barred to the extent Plaintiff or others are not entitled to recover the amount of damages from Defendant as alleged in the Complaint, or any damages, due to their continuous failure to make reasonable efforts to mitigate or minimize the damages that they have allegedly incurred or due to their failure to render to their employer just accounts of all transactions in the course of their service. Lab. Code § 2861.

## ADDITIONAL RESPONSE

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

## PRAYER

Defendant prays for judgment against Plaintiff as follows:

1.    That Plaintiff take nothing by reason thereof;

2.    That Defendant did not damage or harm Plaintiff or others in any way;

4

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1         3.      That Plaintiff or others are not entitled to any wages, overtime wages, compensation,

2    benefits, penalties, restitution, injunction, or any other legal or equitable remedy due to any act or

3    omission of Defendant;

4         4.      That Plaintiff is not adequate to bring a potential class or representative action;

5         5.      That the Complaint fails to show that there are predominant issues of law or fact or plead

6    manageable claims to support a class or representative action;

7         6.      That the Complaint be dismissed, in its entirety, with prejudice;

8         7.      That judgment be entered in favor of Defendant and against Plaintiff on the entire

9    Complaint and all causes of action;

10        8.      That Defendant be awarded the costs of suit herein incurred as provided by statute; and

11        9.      That Defendant be awarded such other and further relief as the Court may deem

12   appropriate.

13   DATED: December 27, 2019                    SEYFARTH SHAW LLP

14

15                                    By: _____

16                                        Aaron R. Lubeley
                                        Simon L. Yang

17                                      Attorneys for Defendant
                                        AIRPORT TERMINAL SERVICES, INC.

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

STATE OF CALIFORNIA )
                    ) SS
COUNTY OF LOS ANGELES )

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 601 South Figueroa Street, Suite 3300, Los Angeles, California 90017-5793. On December 27, 2019, I served the within document(s):

**DEFENDANT'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

☐   I sent such document from facsimile machines (213) 270-9601 on _____. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐   by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

David Yeremian                          ***Attorneys for Plaintiff***
Alvin B. Lindsay                          ***Darius Mayes***
DAVID YEREMIAN & ASSOCIATES, INC.
535 N. Brand Blvd., Suite 705
Glendale, CA 91203

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December 27, 2019, at Los Angeles, California.

_____
Kassandra Cutler

PROOF OF SERVICE

60900161v.1