DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiff DARIUS MAYES,
on behalf of himself and all others similarly situated

SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DARIUS MAYES, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 2:19−cv−10914 MWF (SSx)<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon. Michael W. Fitzgerald<br>Courtroom 5A, First Street Courthouse<br><br>**JOINT STIPULATION AND REQUEST TO CONTINUE INITIAL SCHEDULING CONFERENCE**<br><br>*ISC Presently Scheduled for:*<br>Date:   April 6, 2020<br>Time:   11:00 a.m.<br>Courtroom: 5A<br><br>Complaint Filed: November 21, 2019<br>Removed:  December 27, 2019 |

Plaintiff DARIUS MAYES (hereinafter "Plaintiff"), on behalf of himself and all others similarly situated, and Defendant AIRPORT TERMINAL SERVICES, INC. ("Defendant") (with Plaintiff, "the parties"), by and through their undersigned counsel of record, hereby respectfully submit this Joint Stipulation and Request to Continue their Initial Scheduling Conference set with the Court for **April 6, 2020** at 11:00 a.m. in Courtroom 5A.

1. Plaintiff filed his Class Action Complaint on **November 21, 2019** in Los Angeles County Superior Court alleging ten causes of action against Defendant for (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code § 510; (3) Meal Period Liability Under Labor Code § 226.7; (4) Rest Break Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 221; (7) Violation of Labor Code § 204; (8) Violation of Labor Code § 203; (9) Failure to Reimburse Necessary Business Expenditures under Labor Code § 2802; and (10) Violation of Business and Professions Code § 17200 *et seq*.

2. Plaintiff provided a PAGA Notice Letter dated **November 21, 2019** to the LWDA, and a certified copy to Defendant, regarding his intention to commence an eleventh claim as an action under the Private Attorneys General Act of 2004, California Labor Code § 2698 *et. seq*. ("PAGA"). The LWDA did not respond indicating an intention to conduct its own investigation within the statutory period, and Plaintiff may file a First Amended Class Action Complaint commencing an eleventh cause of action for PAGA penalties under Labor Code §§ 2698 *et seq*.

3. Service of the Complaint documents was completed and Defendant filed its Answer in Los Angeles County Superior Court, generally denying the claims and asserting 15 affirmative defenses.

4. On **December 27, 2019**, Defendant removed this action to this honorable Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), and Plaintiff has yet to challenge removal jurisdiction.

5. On **January 2, 2020**, the Court issued its Case Management Conference Order (ECF No. 7), setting the initial Case Management Conference in this action for **April 6, 2020** at 11:00 a.m., and the parties' Rule 26(f) Report is due to be filed by **March 23, 2019**.

6. The parties have been conferring in advance of the initial Status Conference under Rule 26(f) of the Federal Rules of Civil Procedure and as instructed in the Court's Order, including regarding the action, Plaintiff's claims, any proposed further amendments to the pleadings, the parties' discovery plan, and alternative dispute resolution in advance of beginning formal discovery, and have conferred regarding Plaintiff's filing of a First Amended Complaint adding the PAGA claim and conforming the operative Complaint to the federal forum.

7. The parties' counsel have also been conferring regarding an earlier filed class action entitled *Cisneros v Airport Terminal Services, Inc.* ("*Cisneros*"), CD Cal. Case No. 2:19-cv-2798-VAP-SP, which is presently pending in the Central District before Judge Phillips.

8. The *Cisneros* action was filed on **November 27, 2018** and removed on **April 11, 2019**. Defendant has asserted the wage and hour class claims and the class scope in *Cisneros* encompass Plaintiff's class claims and the putative Class in these proceedings. The parties to *Cisneros* conducted a mediation on **February 28, 2020**, and have subsequently arrived at an agreement to settle the class and representative claims in *Cisneros*. The parties' counsel in *Cisneros* are working to draft the long form Settlement Agreement and will be moving for preliminary approval before Judge Phillips with due haste.

9. Counsel for the parties in this action will further confer regarding the conduct and potential resolution of this action in light of *Cisneros*. They request further time to do so before they invest the time and resources required by the parties and the Court to begin formal discovery, arrive at a discovery plan, and propose case management dates.

10. The parties' counsel will use the continued time to pursue individual resolution of Plaintiff's claims and contemplate dismissal of the class claims in these proceedings should they be able to so agree. The parties will be better able to propose case management and discovery dates at that time in the event individual resolution is untenable, and Plaintiff can then also proceed with amending the Complaint to add the PAGA claim if necessary.

11. Additionally, out of an abundance of caution in the face of the COVID-19 pandemic, the offices for the parties' counsel are facing many unique challenges, which are also causing court closures and continued hearings in state and federal courts throughout California. Continuing the presently scheduled initial scheduling conference will appropriately ease the burden on the Court's resources and will permit the parties to attempt to arrive at an early resolution of this action.

**THEREFORE**, the parties hereby stipulate and respectfully request that the Court continue the presently scheduled Initial Scheduling Conference from **April 6, 2020** as proposed in the concurrently provided [Proposed] Order.

**IT IS SO STIPULATED.**

DATED: March 20, 2020                    DAVID YEREMIAN & ASSOCIATES, INC.

                                         By /S/ Alvin B. Lindsay
                                             David Yeremian
                                             Alvin B. Lindsay
                                             Attorneys for Plaintiff DARIUS
                                             MAYES and others similarly situated

DATED: March 20, 2020                    SEYFARTH SHAW LLP

                                         By /S/ Simon L. Yang
                                             Aaron R. Lubeley
                                             Simon L. Yang
                                             Attorneys for Defendant AIRPORT
                                             TERMINAL SERVICES, INC.