DAVID YEREMIAN & ASSOCIATES, INC.
David Yeremian (SBN 226337)
david@yeremianlaw.com
Alvin B. Lindsay (SBN 220236)
alvin@yeremianlaw.com
535 N. Brand Blvd., Suite 705
Glendale, California 91203
Telephone: (818) 230-8380
Facsimile: (818) 230-0308

Attorneys for Plaintiff DARIUS MAYES,
on behalf of himself and all others similarly situated

SEYFARTH SHAW LLP
Aaron R. Lubeley (SBN 199837)
alubeley@seyfarth.com
Simon L. Yang (SBN 260286)
syang@seyfarth.com
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Attorneys for Defendants
AIRPORT TERMINAL SERVICES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DARIUS MAYES, an individual, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AIRPORT TERMINAL SERVICES, INC., a Missouri corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  2:19-cv-10914 MWF (SSx)<br><br>CLASS ACTION<br><br>Assigned for All Purposes To:<br>Hon. Michael W. Fitzgerald<br>Courtroom 5A, First Street Courthouse<br><br>**JOINT RULE 26(f) REPORT FOR INITIAL SCHEDULING CONFERENCE**<br><br>*ISC Presently Scheduled for:*<br>Date:   TBD<br>Time:  11:00 a.m.<br>Courtroom: 5A<br><br>Complaint Filed: November 21, 2019<br>Removed:  December 27, 2019 |

1  Plaintiff DARIUS MAYES (hereinafter "Plaintiff"), on behalf of himself and
2  all others similarly situated, and Defendant AIRPORT TERMINAL SERVICES,
3  INC. ("Defendant" or "ATS") (with Plaintiff, "the parties"), by and through their
4  undersigned counsel of record, hereby respectfully submit this Joint Rule 26(f)
5  Report in this action. The Court vacated the parties' Initial Scheduling Conference
6  ("ISC") set for **April 6, 2020** at 11:00 a.m. in Courtroom 5A, and has asked the
7  parties to submit this Report without setting a continued ISC date. The parties
8  submit their Schedule of Pre-Trial Dates Worksheet, attached hereto as **Exhibit A**.

9  **A.      Statement of the Case**
10  **Plaintiffs' Statement of the Case:**

11  Plaintiff and the Class members were generally responsible for providing
12  loading and unloading services to airplanes at their arrival and departure gates,
13  including uploading and unloading baggage and cargo and concessions and other
14  items as necessary, cleaning and preparing airplanes, ramp and equipment operation,
15  guiding airplanes to and from their gates, and performing other ground work and
16  airplane servicing tasks, including fueling and deicing. Plaintiff worked based out of
17  Defendants' offices situated next to one of the departure gates in the International
18  Terminal at LAX, usually shifts of eight to twelve hours. Plaintiff's main claims
19  include those wage claims based on uncompensated time during security screenings
20  and other off the clock work before and after work shifts and during breaks when
21  Plaintiff and the Class remained under Defendant's control and should have been
22  compensated. Plaintiff has also asserted class-wide claims for alleged failure to
23  provide meal periods and rest breaks, including for shortened and untimely breaks,
24  and other related violations for failure to provide accurate wage statements, failure
25  to pay all wages at termination, and the like.

26  Plaintiff seeks to represent a class defined as "All individuals employed by
27  Defendants at any time during the period of four (4) years prior to the filing of this
28  lawsuit [**November 21, 2015**] and ending on a date as determined by the Court ("the

- 1 -

Class Period"), and who have been employed as non-exempt, hourly airport services employees based out of Defendants' facilities and offices within the State of California."

Plaintiff filed his Class Action Complaint on **November 21, 2019** in Los Angeles County Superior Court alleging ten causes of action against Defendant for (1) Failure to Pay Minimum Wages; (2) Failure to Pay Wages and Overtime Under Labor Code § 510; (3) Meal Period Liability Under Labor Code § 226.7; (4) Rest Break Liability Under Labor Code § 226.7; (5) Violation of Labor Code § 226(a); (6) Violation of Labor Code § 221; (7) Violation of Labor Code § 204; (8) Violation of Labor Code § 203; (9) Failure to Reimburse Necessary Business Expenditures under Labor Code § 2802; and (10) Violation of Business and Professions Code § 17200 *et seq*.

Service of the Complaint documents was completed and Defendant filed its Answer in Los Angeles County Superior Court, generally denying the claims and asserting 15 affirmative defenses. On **December 27, 2019**, Defendant removed this action to this honorable Court.

Plaintiff provided a PAGA Notice Letter dated **November 21, 2019** to the LWDA, and a certified copy to Defendant, regarding his intention to commence an eleventh claim as an action under the Private Attorneys General Act of 2004, California Labor Code § 2698 *et. seq*. ("PAGA"). The LWDA did not respond indicating an intention to conduct its own investigation within the statutory period, and Plaintiff may file a First Amended Class Action Complaint commencing an eleventh cause of action for PAGA penalties under Labor Code §§ 2698 *et seq*.

In January of 2019, after the exhaustion of the PAGA notice period, Plaintiff's counsel sent a stipulation and proposed order to Defendant's counsel requesting that it stipulate to agree to entry of the First Amended Complaint. Defense counsel has remained non-responsive. Therefore, Plaintiff requests the Court's approval to file a First Amended Class Action Complaint adding the PAGA

1 | claim.

2 | **<u>Defendant's Statement of the Case</u>**:

3 | This case is a follow-up class action to several prior lawsuits. On August 3,

4 | 2018, the Honorable Virginia A. Phillips entered judgment in *Pederson v. Airport*

5 | *Terminal Services, Inc.*, C.D. Cal. Case No. 5:15-cv-02400-VAP-SP, following final

6 | approval of a class action settlement.[1] Plaintiff was a *Pederson* settlement class

7 | member. He did not opt out of the settlement and is bound by the *Pederson*

8 | settlement agreement and settlement class member releases granted final approval

9 | by Judge Phillips.

10 | Meanwhile, Plaintiff is also a putative class member in *Cisneros v. Airport*

11 | *Terminal Services, Inc.*, C.D. Cal. Case No. 2:19-cv-02798-VAP-SP, which is

12 | currently pending before Judge Phillips. On March 18, 2020, Judge Phillips vacated

13 | the scheduling conference set in *Cisneros* and requested that the parties submit a

14 | status report regarding mediation held on February 28, 2020. On March 30, 2020,

15 | the *Cisneros* parties filed a notice of settlement indicating that a motion for

16 | preliminary approval of a proposed class action would be filed.

17 | As in prior matters, ATS denies Plaintiff's allegations and denies that Plaintiff

18 | or those he seeks to represent have suffered any damages or are owed any penalties

19 | whatsoever. Each of the Labor Code claims that Plaintiff pursues has already been

20 | alleged in the prior class actions. As Judge Phillips noted in the orders granting

21 | preliminary approval and final approval in *Pederson*, "Plaintiffs' claims do not

22 | appear particularly strong." *Pederson*, Docket No. 53 ("[T]he defenses raised by

23 | ATS potentially eliminate *any* liability for Plaintiffs' meal period, pay stub, expense

24 | reimbursement, unlawful deduction, overtime and derivative continuing-wage

25 | claims.") (emphasis in original).

26 |

27 |
28 | _____
[1] *Pederson* also was a follow-up class action to *McDonald v. Airport Terminal Services, Inc.*, C.D. Cal. Case No. 5:11-cv-01946-VAP-SP, in which Judge Phillips also entered judgment on November 19, 2013.

1    ATS also contends that Plaintiff's claims are not amenable to certification as

2    a class action or to manageable representative litigation. In addition to generally

3    denying that Plaintiff's claims would comply with Rule 23's commonality,

4    predominance, and typicality prerequisites for class treatment, Defendant also

5    disputes whether Plaintiff would be a suitable representative plaintiff if the *Cisneros*

6    settlement is approved. If Plaintiff does not opt out, he would lack standing. If

7    Plaintiff does opt out, he would not be typical of absent individuals working in class

8    or representative periods in which he never worked.

9    ATS agreed to settle *Cisneros* and prior matters to avoid protracted litigation.

10    Depending on Plaintiff's positions, Although ATS has settled or agreed to mediate

11    prior and pending matters, ATS is prepared to litigate its defenses to terminate

12    successive class actions.

13    **B.    Subject Matter Jurisdiction**

14    Plaintiff filed this Class Action in Los Angeles County. On **December 27,**

15    **2019**, Defendant removed the matter to this Court, pursuant to the Class Action

16    Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), among other grounds. Plaintiff has yet

17    to challenge removal jurisdiction.

18    **C.    Key Legal Issues**

19    **Plaintiff States***:*

20    At the present time, Plaintiff asserts the following legal issues are in dispute

21    and that common questions are presented as to them:

22    •    The extent to which the settlement in *Cisneros v Airport Terminal Services,*

23        *Inc.* ("*Cisneros*"), CD Cal. Case No. 2:19-cv-2798-VAP-SP, encompasses the

24        putative Class and claims in this action, and whether it will be finally

25        approved or is otherwise objectionable;

26    •    Whether Defendants failed to pay Employees wages for all hours worked,

27        including overtime wages under Labor Code § 510;

28

- Whether Defendants violated <u>Labor Code</u> §§ 226.7 and 512, and the applicable IWC Wage Orders, by failing to provide Employees with requisite meal periods or premium pay in lieu thereof;

- Whether Defendants violated <u>Labor Code</u> §§ 226.7, and the applicable IWC Wage Orders, by failing to authorize and permit Employees to take requisite rest breaks or provide premium pay in lieu thereof;

- Whether Defendants violated <u>Labor Code</u> § 226(a) by providing Employees with inaccurate wage statements;

- Whether Defendants violated <u>Labor Code</u> §§ 201, 202, and 203 by failing to pay wages and compensation due and owing at the time of termination;

- Whether Defendants violated <u>Labor Code</u> § 226 and § 1174 and the IWC Wage Orders by failing to maintain accurate records of Class members' earned wages and work periods;

- Whether Defendants violated <u>Labor Code</u> § 1194 by failing to compensate all Employees during the relevant time period for all hours worked, whether regular or overtime;

- Whether Defendants violated <u>Labor Code</u> § 204 by failing to pay Employees all wages earned at least twice monthly;

- Whether Defendants violated <u>Labor Code</u> § 2802 by failing reimburse necessary business expenses incurred by Employees;

- Whether Defendants failed to pay Employees a "living wage" pursuant to City of Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, § 10.37.

- Whether Defendants failed to pay/provide Employees with health benefits pursuant to City of Los Angeles Administrative Code, Division 10, Chapter 1, Article 11, § 10.37; and

- Whether Defendants violated <u>Business and Professions Code</u> § 17200 *et seq.*

**Defendant States**:

Defendant agrees that Plaintiffs' issues are in dispute, but disputes "that common questions are presented as to them.:" Additional issues may include:

- In addition to the proposed *Cisneros* settlement, the extent to which the *Pederson* settlement already granted final approval encompasses the putative class and representative claims in this action;

- The extent to which representative claims may be split between this action and *Vargas v. Airport Terminals Services, Inc.*, Los Angeles County Superior Court Case No. 19STCV37627;

- The good cause for case management and judicial economy in light of earlier filed actions alleging overlapping claims and the proposed settlement in *Cisneros*;

- Compliance with Rule 23's commonality, predominance, and typicality prerequisites for class certification, as well as Plaintiff's adequacy as a class representative; and

- The manageable trial plan Plaintiff would propose for representative claims and Defendant's Due Process rights, among others.

**D.    Additional Parties, Evidence, Etc.**

Plaintiff and Defendant do not anticipate the need to add additional parties at this time.

**E.    Damages**

**Plaintiff States:**

Plaintiff must conduct discovery to address the nature and scope of his damages. He generally seeks restitution of wages and damages for the violations alleged in the operative Complaint, as well as available civil and statutory penalties and attorneys' fees, costs, and interest, and available equitable relief. Timekeeping records and corresponding payroll data will provide the bases for and quantification of these recoveries. Plaintiff submits that the possible lower range for damage and

1    penalty exposure Defendant is facing as to the class-wide claims is at least $5

2    million, given Defendant's arguments at removal and its own calculations.

3    **Defendant States:**

4    Defendant denies there are any damages.

5    **F.     Insurance**

6    Defendant has no insurance coverage for the claims asserted herein.

7    **G.     Motions**

8    **Plaintiff States:**

9    There are no previously filed or currently pending motions in this matter.

10    Plaintiff intends to file a motion for class certification in accordance with the case

11    management schedule entered by the Court.  Plaintiffs anticipate filing a motion for

12    summary judgment thereafter on discrete legal issues and/or the claims. Plaintiff

13    will file discovery motions as necessary. Finally, if the Court deems it necessary and

14    Defendant continues to refuse to stipulate, Plaintiff will promptly file a motion for

15    leave to amend to add the PAGA claim.

16    **Defendant States:**

17    Defendant anticipates it may file a motion for judgment on the pleadings, a

18    motion for summary judgment or summary adjudication, discovery motions as

19    needed, a motion for a trial plan, a motion to deny class certification or

20    representative treatment, and motions *in limine* at the appropriate time.

21    **H.     Manual for Complex Litigation**

22    This is a putative class action, and the case is complex, but the parties do not

23    presently believe the action will require reference to procedures set forth in the

24    Manual on Complex Litigation.

25    **I.     Status of Discovery**

26    **Plaintiff States:**

27    Presently no discovery has been conducted. The parties conducted their initial

28    Rule 26 conference in March 2020 in advance of the initially scheduled ISC and

have just begun discovery after unsuccessfully attempting to resolve Plaintiff's individual claims in light of the Cisneros case settlement. Plaintiff will therefore require discovery into the terms and scope of the Cisneros Class and release. As for this action, and after exhausting any possibilities for early resolution, Plaintiff will be promptly serving written discovery requests.

Plaintiff proposes exchanging initial disclosures by **June 1, 2020**, which is four weeks after the filing of this Joint Report.

**Defendant States:**

ATS contends that the numerous legal issues in this case warrant staging discovery incrementally. ATS intends to notice Plaintiff's deposition, serve document requests as to Plaintiff's individual claims, and serve supplemental discovery, as appropriate. Given the overlapping claims and allegations proposed for settlement in *Cisneros*, ATS objects to initial disclosures until preliminary approval is either denied or until Plaintiff opts out of a preliminarily approved *Cisneros* settlement. Defendant proposes that initial disclosures be due four weeks after preliminary approval is denied or two weeks after Plaintiff opts out of a preliminarily approved *Cisneros* settlement.

**J.     Discovery Plan**

**Plaintiff States:**

Plaintiff proposes discovery be conducted in phases, with phase one focusing on issues relevant to class certification and the merits of Plaintiff's individual claims.  If Plaintiff's motion for class certification is granted, phase two discovery will focus on the merits of any class claims.  Should a class be certified, the parties will meet and confer to determine the scope and size of post-certification phase two discovery and trial preparation.

Plaintiffs will initially seek class contact information as appropriate and any records reflecting hours worked, including timekeeping records and corresponding payroll data. Plaintiffs will seek to depose Defendant's 30(b)(6) witnesses as well as

any witnesses whom Defendant discloses who may support its class-wide claims, any witnesses whom Defendant contend will support their opposition to class certification motion (including expert witnesses), and any witnesses whom Defendant may offer at trial for class-wide claims (including expert witnesses).  As neither side has disclosed potential witnesses (expert or otherwise), Plaintiffs' best estimate at this time is approximately 10 depositions may be needed in this action.

Plaintiff will also seek all Electronically Stored Information ("ESI") and documents relevant to Plaintiff's claims that he and the putative Class were not properly paid all wages they were owed, were not provided meal and rest breaks, did not receive properly itemized wage statements as well as documents related to Plaintiff's claims for damages and ESI and documents demonstrating the uniform policies and procedures that demonstrate this litigation is appropriate for class treatment, including but not limited to: (1) All ESI related to the Defendant's communications with non-attorneys, interoffice and third parties relating to the class claims; (2) the defined job duties for Plaintiff and the putative class; (3) employee basic training; (4) wage and hour compliance and training; and (5) employee handbooks.

**Defendant States:**

Defendant again contends that a brief discovery stay is warranted, based on the overlapping claims and allegations proposed for settlement in *Cisneros*. Defendant proposes that a brief discovery stay continue until four weeks after preliminary approval of the *Cisneros* settlement is denied or two weeks after Plaintiff opts out of a preliminarily approved *Cisneros* settlement. Defendant is not currently aware of any disputes related to ESI at this time. If issues arise during the court of discovery, ATS proposes that the Parties meet and confer to develop protocols that consider the needs of the case and other proportionality factors, including date ranges, identity and number of potential custodians, agreed upon search terms, and other details that can help reduce cost and increase efficiency.

### K.    Discovery Cut-off and Other Scheduling Dates

See attached Exhibit A, Schedule of Pretrial and Trial Dates Worksheet for the parties' proposed case management dates.

ATS does not presently object to Plaintiff's proposed dates. It, however, contends that the Court and Parties should set a cutoff for motions to determine class certification and whether representative claims will proceed to trial. ATS proposes that the Court defer scheduling a trial date and other cut-off dates until after the Court issues its decision on the class certification motion, with a fact discovery cut-off date five months after the Court issues its decision on the class certification motion, a cut-off date for summary judgment and other non-trial-related motions three months thereafter, a final pre-trial conference two months thereafter, and trial dates beginning one month thereafter. ATS also contends class certification should be set subject to a briefing schedule that permits Defendant four weeks to oppose and Plaintiff two weeks to reply.

### L.    Dispositive Motions

**Plaintiff States:**

At this time, Plaintiffs anticipate filing a Motion for Class Certification and also a Motion for Summary Judgment and/or Summary Adjudication on some or all claims.

**Defendant States:**

Defendant anticipates it may file a motion for judgment on the pleadings, a motion for summary judgment or summary adjudication, a motion for a trial plan, and a motion to deny class certification or representative treatment.

### M.    Settlement/Alternative Dispute Resolution (ADR)

**Plaintiff States:**

The parties' counsel have also been conferring regarding an earlier filed class action entitled *Cisneros v Airport Terminal Services, Inc.* ("*Cisneros*"), CD Cal. Case No. 2:19-cv-2798-VAP-SP, which is presently pending in the Central District

1 before Judge Phillips. The *Cisneros* action was filed on **November 27, 2018** and

2 removed on **April 11, 2019**. Defendant has asserted the wage and hour class claims

3 and the class scope in *Cisneros* encompass Plaintiff's class claims and the putative

4 Class in these proceedings. Defendant's counsel informed Plaintiff's counsel that

5 the parties to *Cisneros* conducted a mediation on **February 28, 2020**, and have

6 subsequently arrived at an agreement to settle the class and representative claims in

7 *Cisneros*. We also understand the parties' counsel in *Cisneros* are working to draft

8 the long form Settlement Agreement and will be moving for preliminary approval

9 before Judge Phillips with due haste.

10      Accordingly, on **April 1, 2020**, Class counsel provided Defendant's counsel

11 with a Settlement Demand letter for Plaintiff's individual claims. Defendant's

12 counsel has not responded. Should the parties not be able to resolve the claims

13 individually or should Plaintiff be permitted to enter to the First Amended

14 Complaint and continue litigating this action, Plaintiff proposes private mediation as

15 the preferred ADR method for any Court-directed ADR. Plaintiff proposes that a

16 mediation completion deadline be set on or before **August 31, 2020.**

17      **Defendant States:**

18      As a business servicing airline clients, ATS has been disproportionately

19 impacted by the COVID-19 pandemic. ATS is amenable to considering a

20 reasonable, individual settlement of Plaintiff's claims. It, however, must first

21 confirm the terms and feasibility of the *Cisneros* settlement. ATS is amenable to

22 informal settlement discussions, and under Local Rule 16-14.4, if necessary, would

23 consider referral to a magistrate judge or private mediation.

24      **N.   Trial Estimate**

25      **Plaintiff States:**

26      Plaintiff has demanded a trial by jury in this matter. If Plaintiff's motion for

27 class certification is granted, Plaintiff estimates the trial will last twelve days, with

28 bifurcated liability and damages phases. If Plaintiff's motion for class certification

1   is denied, Plaintiff estimates the trial will last three days.

2   **Defendant States:**

3   ATS is unable to estimate a trial length if the claims at issue are ordered to

4   proceed on a class-wide basis, as any estimate will vary based on the number of

5   claims, if any, that are certified, the number of witnesses, the discovery obtained in

6   the case, and the potential use of experts.

7   **O.    Trial Counsel**

8   Plaintiffs will be represented by David Yeremian and Alvin B. Lindsay of

9   David Yeremian & Associates, Inc.  Defendant will be represented by Aaron R.

10  Lubeley and Simon L. Yang of Seyfarth Shaw LLP.

11  **P.    Independent Expert or Master**

12  The parties do not believe it is warranted or necessary to appoint a master or

13  an independent scientific expert at this point.

14  **Q.    Timetable**

15  Please see attached **Exhibit A**.  The Parties have submitted their respective

16  dates based on their experience and request the Court to issue appropriate dates.

17  **R.    Other Issues**

18  The parties' have identified the following other issues they wish to bring to

19  the attention of the Court.

20  1.    **The _Cisneros_ Action**:  The parties' counsel have also been

21  conferring regarding an earlier filed class action entitled _Cisneros v Airport_

22  _Terminal Services, Inc._ ("_Cisneros_"), CD Cal. Case No. 2:19-cv-2798-VAP-SP,

23  which is presently pending in the Central District before Judge Phillips. The

24  _Cisneros_ action was filed on **November 27, 2018** and removed on **April 11, 2019**.

25  Defendant has asserted the wage and hour class claims and the class scope in

26  _Cisneros_ encompass Plaintiff's class claims and the putative Class in these

27  proceedings. The parties to _Cisneros_ conducted a mediation on **February 28, 2020**,

28  and have subsequently arrived at an agreement to settle the class and representative

claims in *Cisneros*. The parties' counsel in *Cisneros* are working to draft the long form Settlement Agreement and will be moving for preliminary approval before Judge Phillips with due haste. Counsel for the parties in this action will further confer regarding the conduct and potential resolution of this action in light of *Cisneros*.

## 2.    **Plaintiff's FAC Adding PAGA**

Plaintiff provided a PAGA Notice Letter dated **November 21, 2019** to the LWDA, and a certified copy to Defendant, regarding his intention to commence an eleventh claim as an action under the Private Attorneys General Act of 2004, California Labor Code § 2698 *et. seq.* ("PAGA"). The LWDA did not respond indicating an intention to conduct its own investigation within the statutory period, and Plaintiff may file a First Amended Class Action Complaint commencing an eleventh cause of action for PAGA penalties under Labor Code §§ 2698 *et seq.* Plaintiff's counsel provided defense counsel a proposed First Amended Complaint and Stipulation and proposed Order in January, but Defendant and its counsel have yet to agree to its entry.

If the litigation is to proceed, then an amendment may be necessary. ATS, however, notes that the Judicial Council of California's Emergency Rule No. 9 tolls any statutes of limitations from April 6, 2020, until 90 days after the Governor declares that the state of emergency related to the COVID-19 pandemic is lifted. For that reason, ATS believes any amendments to the pleading, if necessary, may be addressed at the scheduling conference.

DATED:  May 4, 2020                    DAVID YEREMIAN & ASSOCIATES, INC.

By /S/ Alvin B. Lindsay
    David Yeremian
    Alvin B. Lindsay
    Attorneys for Plaintiff DARIUS
    MAYES and others similarly situated

1    DATED:  May 4, 2020                    SEYFARTH SHAW LLP

2

3                                           By /S/ Simon L. Yang
                                               Aaron R. Lubeley
4                                              Simon L. Yang
                                               Attorneys for Defendant AIRPORT
5                                              TERMINAL SERVICES, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT RULE 26(f) REPORT